IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.

FILED
CHARLOTTE, N. C.
AUG 26 2005
U. S. DISTRICT COURT
W. DIST. OF N. C.

HARRY A. GOODWIN,
Claimant,

v.

WACHOVIA SECURITIES, INC.,

Respondent.

NASD Arb. No. 04-05416

MOTION TO VACATE
ARBITRATION AWARD
AND BRIEF IN
SUPPORT OF MOTION

3:05cv371-V

## MOTION TO VACATE AWARD

Claimant, Harry A. Goodwin moves the Court for an order vacating and setting aside the award of June 3, 2005 in NASD Arbitration number 04-05416.

The motion is made on the grounds that, while giving the arbitration award, the arbitrators refused to consider evidence material to the controversy or otherwise conduct an evidentiary hearing, which substantially prejudiced the rights of the Claimant in the arbitration proceedings.

The motion is made and based on the information contained in this brief in support of the motion to vacate the arbitration award, the award of the arbitrators, and the pleadings and papers on file in this action. This Motion to vacate is timely in that it is being filed within ninety (90) days of the date of the arbitration award pursuant to N.C. Gen. Stat § 1-569.23. The award was rendered on June 3, 2005.

## BRIEF IN SUPPORT OF MOTION TO VACATE ARBITRATION AWARD

I.       INTRODUCTION

This action has been brought by Harry A. Goodwin ("Claimant") to vacate the arbitration award dated June 3, 2005 (the "Award") of the NASD Dispute Resolution arbitration panel (the "Panel") wherein the Panel dismissed the Claimant's claims with prejudice. When tendering the arbitration award, the Panel engaged in misconduct in that it refused to consider evidence material to the controversy or to conduct an evidentiary hearing, which substantially prejudiced the rights of the Claimant in the arbitration proceedings. Accordingly, the Claimant now moves this Court to vacate the Award, to award the Claimant the costs of this action; and to grant such other and further relief as this court deems just and proper.

II.      STATEMENT OF FACTS

Harry A. Goodwin ("Claimant") worked for 34 years as a branch manager for Wachovia Securities, Inc., (the "Respondent"), which provides brokerage services to the public and is a member of the National Association of Securities Dealers or NASD (CRD 19616). Between September 1999 through April of 2002 (the "relevant period"), the Claimant observed that the Respondent produced tainted securities research coverage via its research analysis in order to obtain additional investment banking fees and to procure additional equity market making/trading revenue. Claimant first became aware that there might be a problem with the Respondent's research in December of 2001. The Respondent did not reveal to Claimant that stocks being recommended were based in part on investment banking interests. In addition, the Respondent's research analysts knew that the financial health of the companies whose stocks they recommended was deteriorating and yet they continued to recommend the stocks. These recommendations were calculated to deceive and drive

share prices higher so that Respondent would be compensated with higher investment banking fees. Clearly, the Respondent was interested in collecting large fees from its investment banking clients or generating trading revenues at the expense of all those who relied on the tainted research. These recommendations were made with the intent to deceive, and fee generation and trading income were the motivating factors. To wit, Respondent hired an investment banker from Goldman Sachs who worked with analysts to try to get them to do more investment banking business. The Respondent failed to supervise or remedy these illegal reporting tactics. The Claimant, along with other investors believed in the tainted research to such an extent that not only did he put his clients into stocks that were recommended by the analysts as 'Strong Buys' or 'Buys', but he also put his own money into these stocks, much to his own personal detriment. But for the tainted recommendations, Claimant would not have purchased the 'recommended' stocks.

In addition, Respondent requested that the Claimant change his client's investment objectives, without informing the clients of the risks involved, contrary to public policy of the state of North Carolina. Claimant refused to go along with the Respondent's scheme to exonerate itself from liability after the fact. Respondent slyly had the investment objectives of Claimant's clients changed anyway. In March of 2002, Claimant properly advised an elderly client not to change her investment objective. In retaliation thereto, the Respondent terminated the services of the Claimant. Clearly, the Claimant was terminated because he refused to go along with the bank's wrongdoing – first, by questioning the analyst relationship and, second, by refusing to go along with the bank's scheme to exonerate itself after the fact.

Pursuant to these developments, the Claimant filed the Statement of Claim ("SOC") on July 29, 2004 and the Amended Statement of Claim on March 31, 2005 (Attached hereto as

Exhibit A of the Appendix to Claimant's Brief) before the NASD arbitrators, asserting the following causes of action, among others: failure to supervise, breach of fiduciary duty, negligence, breach of contract, violation of N.C. Gen. Stat. § 75-1.1, common law fraud, and federal and state securities fraud. The Respondent filed a motion to dismiss and motion for more definite statement on December 15, 2004. On March 9, 2005, the Panel granted Respondent's motion for more definite statement and then on June 1, 2005, the Panel granted the Respondent's motions to dismiss with prejudice. On June 3, 2005, the Panel gave their Award dismissing the Claimant's claims with prejudice in their entirety. (Attached hereto as **Exhibit B**, Appendix to Claimant's Brief). The Claimant now brings this motion for vacation of the Award.

## III.  ARGUMENT

**The Arbitration Award should be vacated because the Panel granted a motion to dismiss without a full evidentiary hearing.**

The Revised Uniform Arbitration Act of North Carolina ("Act") provides for vacating an arbitration award if it the arbitrator(s) fail to conduct an evidentiary hearing or fail to consider evidence material to the controversy. The Act states in pertinent part:

> (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
> 
> \*\*\*
> 
> 2) There was:
> 
> \*\*\*
> 
> c. <u>Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;</u>
> 
> (3) An arbitrator ..., <u>refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to G.S. 1-569.15 so as to prejudice substantially the rights of a party to the arbitration proceeding;</u>
> 
> \*\*\*

N.C. Gen. Stat. § 1-569.23(a) (emphasis added). "At a hearing ..., a party to the arbitration proceeding may be heard, present evidence material to the controversy, and cross-examine

4

witnesses appearing at the hearing." N.C. GEN. STAT. § 1-569.15(d); *Grimes v. Home Ins. Co. of New York,* 217 N.C. 259, 7 S.E.2d 557, 558 (N.C. 1940) ("It is a well recognized rule that the parties to an arbitration proceeding, independent of statute, have a right to be heard and opportunity to present evidence as to all matters submitted."); *Hurdle v. Stallings,* 13 S.E. 720, 721 (N.C. 1891) (where by the terms of a submission of a controversy relating to party lines, the arbitrators were to settle the lines between plaintiff and defendant, and all matters of difference in relation thereto, and plaintiff offered in evidence certain deeds and plats for the purpose of showing his lines, the court held that the award should be set aside for the refusal of the arbitrators to consider such evidence).

The Federal Arbitration Act also provides that the district court may vacate an arbitration award "where the arbitrators were guilty of misconduct ....in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). In *Prudential Sec., Inc v. John B. Dalton,* 929 F.Supp. 1411 (N.D. Okla. 1996), a federal district court vacated an arbitration award and granted a pre-hearing motion to dismiss. *Id.* The court found that the arbitration panel "was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy and exceeded their powers in granting the motion to dismiss without hearing such evidence. The claimant was thereby denied fundamental fairness." *Id.* at 1417. The Court further stated:

> A fundamental fair hearing requires the procedural steps of notice, an opportunity to be heard, the opportunity to present evidence which is relevant and material, and arbitrators who are not infected with bias.

*Id.* at 1415 (emphasis added); *Sunshine Min. Co. v. United Steelworkers of Am., AFL-CIO, CLC,* 823 F.2d 1289, 1295 (9th Cir. 1987) ("A hearing is fundamentally fair if it meets 'the minimal requirements of fairness'-adequate notice, a hearing on the evidence, and an

Case 3:05-cv-00371-RJC-CH   Document 1   Filed 08/26/05   Page 5 of 11

impartial decision by the arbitrator.") The Court in *Dalton* went on to explain its verdict as follows:

> The issue before the Court at this time is not who is ultimately going to prevail. <u>The issue is whether or not claimant Dalton was granted a fair hearing under the Arbitration Code to offer evidence in support of his factual claims</u>. As previously stated, the Court concludes [that] by sustaining the motion to dismiss of Prudential the arbitration panel improperly denied claimant the right to a fundamentally fair hearing. Therefore the Court hereby vacates the underlying arbitration award for reasons stated above and directs the parties and the matter to be remanded to a duly constituted NASD arbitration panel to proceed with an evidentiary hearing and ruling on the merits, within six months from this date.

929 F. Supp. at 1418 (emphasis added). Similarly, in *Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847 (5th Cir. 1995), the appellate court upheld the district court's decision to vacate the award where the arbitrator not only had refused to consider evidence of a positive drug test but he also prevented the employer from presenting additional evidence. *Id.* at 850.

Thus, arbitration panels have jurisdiction to hear and decide all of the issues and defenses only after a full hearing of the evidence, and the refusal to do the same warrants a vacation of the award. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, et. al*, 364 F.3d 274, 300-301 (5th Cir. 2004) ("It is appropriate to vacate an arbitral award if the exclusion of relevant evidence deprives a party of a fair hearing"); *B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 321 F.Supp.2d 1214, 1223 (D.Kan. 2004) (same); *Konkar Maritime Enterprises, S.A. v. Compagnie Belge D'Affretement*, 668 F.Supp. 267, 271 (S.D.N.Y. 1987) ("Where a party to an arbitration does not receive a full and fair hearing on the merits, a district court will not hesitate to vacate the award."). Indeed, deferring a decision on a motion to dismiss until after the evidential phase of the hearing is the preferred practice in securities arbitration. *See Tondevold v. Titan Value*, NASD Case No. 96-01985 (1997) (Respondent's motion to dismiss denied without prejudice to renewal only

6

Case 3:05-cv-00371-RJC-CH   Document 1   Filed 08/26/05   Page 6 of 11

after close of evidentiary phase of the hearing); *See also Snyder v. Hanson,* NASD Case No. 94-04698 (1996), *Fuller v. Delta First Fin., et al,* NASD Case No. 96-2482 (1997), *Wichard v. Sutro,* NASD Case No. 95-05533 (1996).

Further, the Claimant has the right to constitutional due process because the right to employment is a right to earn a livelihood which is guaranteed under the dictates of the State Constitution. North Carolina Constitution, art. I, § 1, provides in relevant part, "We hold it to be self-evident that all persons ... are endowed by their Creator with certain inalienable rights; that among these are ... <u>the enjoyment of fruits of their own labor</u>...." NC CONST. ART. I, § 1 (emphasis added). This provision has been construed to grant a fundamental right to work and earn a livelihood. *See McCormick v. Proctor,* 217 N.C. 23, 6 S.E.2d 870, 876 (1940); *State v. Harris,* 216 N.C. 746, 6 S.E.2d 854, 863 (1940) (holding that the right to earn a living is an inalienable constitutional right). Further, the 'law of the land' clause of the North Carolina Constitution guarantees to the litigant the right to an adequate and fair hearing before he can be deprived of his claim or defense. Therefore, Claimant must be allowed his constitutional right to an adequate and fair hearing before his claims are dismissed with prejudice. *Hummel v. Univ. of N. Carolina,* 156 N.C. App. 108, 116, 576 S.E.2d 124 (2003) ("[W]here the claim or defense turns upon a factual adjudication, the constitutional right of the litigant to an adequate and fair hearing under law of the land clause requires that he be apprised of all the evidence received by the court and given an opportunity to test, explain, or rebut it." (internal citations omitted)).

It is well established that motions to dismiss are not authorized by the rule of arbitration procedure, and such motions are not recognized as an appropriate method of summarily disposing of claims. Any dispute, claim or controversy except as provided in Rule 10203 (simplified industry arbitration) or rule 10302 (simplified arbitration), **shall require a hearing**

7

unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence. In addition, Federal law, specifically 9 U.S.C. § 10 expressly requires an evidentiary hearing in arbitration unless the parties waive that right. Claimant did not, and does not now, waive his right to a hearing against Wachovia Securities. (See NASD Rule 10303 at Tab C of the Appendix.)

The Federal Arbitration Act provides that the district court may vacate an arbitration award:

> "[where the arbitrators were guilty of misconduct ....in refusing to hear evidence pertinent and material to the controversy" (9 U.S.C. § 10).

In the instant case, the Panel tendered its Award on June 3, 2005, without a full evidentiary hearing, contrary to the mandate of the State and Federal Arbitration Acts. It is likely that evidence which the Claimant would have obtained in discovery would have overcome the Panel's decision. Contrary to the requirements of the arbitration agreement, the arbitrators did not hold a hearing on Goodwin's claims, as the term "hearing" is used in the arbitration agreement. Instead, the arbitrators decided Goodwin's case based solely on the pleadings and documentary evidence, following a telephone conference between the arbitrators and counsel for the parties. No party was present at the telephone conference. No witnesses were sworn. No party was given the opportunity to cross-examine other parties or witnesses. Further, the arbitration agreement requires a verbatim record be made of all hearings, whereas there is no similar requirement for prehearing conferences. If the telephone conference here was in fact a hearing, the arbitrators were required to have a verbatim record made, whether by a stenographic reporter or by a tape recording. (See NASD Rule 10326 at Tab C.) The arbitration agreement contemplates that a hearing under the NASD Code is more than just a telephone conference call with counsel. NASD Rule

10317 provides that "all parties and their counsel shall be entitled to attend all hearings." (See Tab C for all referenced NASD rules.)

The only prehearing involuntary dismissal permitted by the arbitration agreement is dismissal **without prejudice**. NASD Rule 10305(a) provides that the arbitrators may "dismiss the proceeding and refer the parties to their judicial remedies, or to any dispute resolution forum agreed to by the parties, **without prejudice** to any claims or defenses available to any party" at any time. (See NASD Rule 10305(a) (emphasis added) at Tab C.) That procedure was not followed here. Instead the arbitrators dismissed Goodwin's claims **with prejudice**. Further, the arbitrators did not refer Goodwin to his judicial remedies or any other dispute forum. The NASD Code of Arbitration Procedure also supports the conclusion that a hearing was required in the Goodwin Arbitration. (See Claimant's Opposition to Motion to Dismiss – Appendix to Brief, Tab D.) In addition, the termination of services/discharge of the Claimant by the Respondent affects his right to earn a living, which is an inalienable constitutional right and the Claimant has a constitutional right to an adequate and fair evidentiary hearing before his right to livelihood is taken away. *See Hummell, supra.* Accordingly, the Award must be vacated.

IV. **CONCLUSION**

As argued above, the Award tendered by the Panel on June 3, 2005 dismissing all of Claimant's claims must be vacated on the ground that the Panel engaged in misconduct and exceeded its powers because it dismissed the claims against the Respondent prior to discovery and an evidentiary hearing.

9

Dated this 26th day of August, 2005

                Respectfully Submitted,

_____
Darryll W. Bolduc (NC State Bar # 31406)
Attorney for Claimant
The Bolduc Law Firm, PLLC
401 North Tryon Street, 10th Floor
Charlotte, NC 28202
Phone: (704) 998-5188
E-mail: dbolduc@bolduclaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Claimant's **Motion to Vacate Arbitration Award and Brief in Support of Motion** and **Appendix to Claimant's Brief in Support of Motion to Vacate Award** upon the Respondent by delivering a copy hereof, via First Class Mail Delivery in the United States Mail, properly addressed to all parties of record as follows:

Rebecca Davis, Esq.
Tate, Lazarini and Beall, PLC
One Commerce Square
Suite 2500
Memphis, TN 38103

This the 26th day of August, 2005.

*D.W. Bolduc* (signature)

Darryll W. Bolduc NC Bar No. 31406
Counsel for Claimant
The Bolduc Law Firm, PLLC
401 N. Tryon Street
Charlotte, NC 28202
(704) 998-5188
E-mail: dbolduc@bolduclaw.com