# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05cv371

| | |
|---|---|
| HARRY A. GOODWIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| WACHOVIA SECURITIES, LLC, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is now before the Court upon consideration of the petitioner's application to vacate an arbitration award (Doc. No. 1).

This action was filed in this Court by the petitioner on August 26, 2005. The Court, however, finds there has been an insufficient showing of the requisite diversity of citizenship pursuant to 28 U.S.C. § 1332.

In order for a district court to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the matter in controversy must exceed $75,000, and be between citizens of different States. Sub-section (c) provides that a "corporation" shall be deemed to be a citizen of any State by which it has been incorporated.

In its Statement of Jurisdiction,[1] (Doc. No. 7), the petitioner provides in Paragraph 2 that he is a resident of North Carolina, and that the respondent is a limited liability company incorporated under the laws of the State of Delaware, and therefore assumes that diversity exists

---

[1] On January 22, 2007 this Court gave the petitioner a ten (10) day leave to demonstrate jurisdiction in this Court. (Doc. No. 6). In his Statement of Jurisdiction, the petitioner argued that diversity of citizenship was present without acknowledging the distinctions between an LLC and a Corporation as detailed by the Fourth Circuit in <u>Gen. Tech. Applications, Inc.v. Exro Ltda</u>, 388 F. 3d 144, 121 (4th Cir. 2004).

pursuant to 28 U.S.C. § 1332 (c)(1).

The Fourth Circuit, however, has held that "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." Gen. Tech. Applications, Inc.v. Exro Ltda, 388 F. 3d 144, 121 (4th Cir. 2004) (citing GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004)). Accordingly, "a limited liability company is assigned the citizenship of its members." Id. at 120; see also 32A Am Jur. 2d Federal Courts § 834 (providing in part, "The rule for determining the citizenship of an unincorporated association is well established: the citizenship of an unincorporated association, for federal diversity jurisdiction purposes, is the citizenship of each of the individual members of the association. . . . Consequently diversity of citizenship does not exist where any one of the members of the association is a citizen of the same state as one of the association's adversaries in a suit.")

Accordingly, it is hereby ORDERED that the petitioner is given a leave of ten (10) days from the date below to demonstrate complete diversity between the members of the respondent LLC and the petitioner. The respondent, at its election, shall file a response within ten (10) days after service of the petitioner's amended pleading.

IT IS SO ORDERED.

Signed: July 5, 2007

Robert J. Conrad, Jr.
Chief United States District Judge